IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN DARRINGTON, | Civil No. 1:21-CV-1281 |
| Petitioner | (Judge Mariani) |
| v. | |
| KEVIN RANSOM, *et al.*, | |
| Respondents | |

## MEMORANDUM

In 1994, petitioner Sean Darrington was convicted by a jury of first-degree murder and robbery and sentenced to life imprisonment. He has attempted—unsuccessfully—to collaterally challenge these convictions in both state and federal court on numerous occasions. In 2002, this Court[1] dismissed as time-barred Darrington's petition for a writ of habeas corpus under 28 U.S.C. § 2254. He then filed another Section 2254 petition in 2021, which was dismissed as an unauthorized second or successive petition. Darrington now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, the Court will deny Darrington's Rule 60(b) motion.

I.  **Background**

The Court need not rehash the extensive state-court proceedings in this matter, as they are fully set forth in the 2002 opinion dismissing as untimely Darrington's initial Section

---

[1] The late Honorable William J. Nealon dismissed Darrington's initial Section 2254 petition, adopting the report and recommendation of Magistrate Judge J. Andrew Smyser.

2254 petition. *See Darrington v. Pa. Dep't of Corr.*, 3:02-cv-0007, Doc. 22 at 2-3, (M.D. Pa. Aug. 21, 2002). The Court does note that, approximately 10 years after the dismissal of Darrington's initial Section 2254 petition, he filed his first motion for relief under Federal Rule of Civil Procedure 60(b), seeking to reopen his Section 2254 proceedings. *See id.*, Doc. 23. The Court deemed that motion to be a proper Rule 60(b) motion, as it was challenging the determination that his habeas claims were untimely rather than raising a new claim or attacking the prior resolution of a claim on the merits. *See id.*, Doc. 29 at 4. Ultimately, however, the Court held that Darrington had failed to establish "extraordinary circumstances" warranting Rule 60(b) relief and denied the motion. *See id.*, Doc. 29 at 4-5. Darrington appealed, but the United States Court of Appeals for the Third Circuit denied a certificate of appealability. *See id.*, Doc. 34.

In July 2021, Darrington returned to federal court and filed a second Section 2254 petition. (*See generally* Doc. 1). In that petition, he attempted to assert claims that were either not raised in his initial Section 2254 petition or were raised but had been found to be barred by the statute of limitations. (*See id.* at 5, 6, 13). The Court determined that Darrington was attempting to lodge a second or successive habeas petition and dismissed that petition for lack of jurisdiction because Darrington had failed to obtain the requisite preauthorization from the Third Circuit. (*See* Doc. 10 (citing 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007))).

Approximately two years later, Darrington filed the instant motion under Federal Rule of Civil Procedure 60(b)(6). (Doc. 13). He "seeks relief from this Court's September 30, 2021 Order" dismissing his Section 2254 petition. (*Id.* at 1). He argues that the Court "erred in dismissing on procedural [grounds]" his Section 2254 petition as a "second or successive petition where said petition was based upon prosecutorial misconduct" and grounded "on a violation of *Brady v. Maryland*," 373 U.S. 83 (1963). (Doc. 13 at 1).

## II. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b). FED. R. CIV. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Relief under Rule 60(b)(6) should be granted in only "*extraordinary circumstances* where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120 (emphasis supplied) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances"). Such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

In habeas proceedings, Rule 60(b) motions cannot be used to circumvent the AEDPA's statutory restrictions on filing second or successive habeas petitions. *See id.* at 531-32. Thus, Rule 60(b) motions that bring new claims or "attack the federal court's previous resolution of a claim on the merits" are not true Rule 60(b) motions but are instead

3

disguised second or successive habeas petitions and must be treated as such. *See id.* (emphasis omitted).

## III. Discussion

Darrington's Rule 60(b) motion is difficult to follow. At times, it appears that he is attempting to attack this Court's 2021 dismissal of his second Section 2254 petition as an unauthorized second or successive petition. At other times, it seems that Darrington is attempting to raise a Rule 60(b) challenge to the 2002 dismissal of his untimely initial Section 2254 petition. Nevertheless, because Darrington unambiguously opens his motion by stating that he is challenging "this Court's September 30, 2021 Order," (*see* Doc. 13 at 1), the Court will focus on that decision.

Darrington first argues that he "did not file a prior Rule 60(b) Motion due to his not having [the] knowledge or the skills necessary to file such an appeal [sic] in the Federal Court following the denial of his habeas petition." (Doc. 13 at 8). He also relies on *White v. Vaughn*, No. 94-cv-6598, 2022 WL 4080760 (E.D. Pa. Sept. 6, 2022), for support. (*See id.*) Neither argument is persuasive.

First, as recounted above, Darrington *did* file a prior Rule 60(b) motion in his initial Section 2254 case in 2012. And he did so properly, challenging a procedural aspect of his case rather than raising a new claim or attacking a previous merits determination. Darrington attempted to rely on new decisional law in *Martinez v. Ryan*, 566 U.S. 1 (2012), to reopen his Section 2254 proceedings and permit federal review of his claims. *See*

4

*Darrington v. Pa. Dep't of Corr.*, 3:02-cv-0007, Doc. 23 at 1, 2 (M.D. Pa. Nov. 7, 2012). The Court, however, rejected that argument primarily because Darrington's claims were not dismissed as procedurally defaulted; rather, they were found to be barred by the AEDPA's statute of limitations. *See id.*, Doc. 29 at 4. This critical distinction rendered *Martinez* inapplicable to Darrington's case and thus incapable of presenting the "extraordinary circumstances" necessary for Rule 60(b)(6) relief. So, despite Darrington's assertion to the contrary, he was well aware of the process for moving for Rule 60(b) relief when his second Section 2254 petition was dismissed.

Second, Darrington's reliance on *White v Vaughn* is misplaced. In that case, the United States District Court for the Eastern District of Pennsylvania found that Rule 60(b)(6) relief may be available to a habeas petitioner to reopen his Section 2254 proceedings and overcome procedural default of a potentially meritorious *Brady* claim. *See White*, 2022 WL 4080760, at *7. The district court found that several recent Third Circuit cases[2] had materially changed the law regarding *Brady* disclosure requirements, which changes could possibly excuse the petitioner's default of his *Brady* claim. *See id.*, at *4-7. The court also determined that additional briefing and evidence were required to inform its full Rule 60(b)(6) analysis. *See id.*, at *7.

---

2   *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2016) (en banc); *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274 (2021).

5

Darrington does not adequately explain how *White v. Vaughn* applies to his case. Nor does he establish that he had a *Brady* claim dismissed under similar circumstances (*i.e.*, that he previously raised a *Brady* claim that was found to be procedurally defaulted). Darrington's second Section 2254 petition raised three grounds for relief: (1) ineffective assistance of trial counsel regarding failure to proffer expert testimony, (Doc. 1 at 5); (2) an alleged due process violation concerning the trial court's failure to recuse, (*id.* at 6); and (3) recent identification of a new witness, (*id.* at 13). These claims were either new or had already been raised in his initial Section 2254 petition, which petition had been dismissed as untimely. None of these claims is based on *Brady v. Maryland*.[3] Thus, *White v. Vaughn* is inapplicable to the dismissal of Darrington's second Section 2254 petition.

---

[3]  In his Rule 60(b) motion, Darrington discusses what appears to be a new claim regarding a purported *Brady* violation. He alleges that testifying witness Carl Thomas provided a statement to the police about the murder after being arrested for drug charges, which Darrington claims establishes that Thomas was a cooperating witness testifying on behalf of the Commonwealth in exchange for consideration. (*See* Doc. 13 at 17-18). This *Brady* claim is not a challenge to this Court's failure to reach the merits of his § 2254 petition but rather is an assertion of error in Darrington's state court conviction. To the extent that Darrington is now attempting to raise this *Brady* claim, that claim cannot serve as a basis for a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 538 ("We hold that a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."); *see id.* at 531-32. The *Brady* claim is an assertion of error in the state court conviction and thus must be treated as a successive habeas petition.

In sum, Darrington's Rule 60(b)(6) challenge to this Court's dismissal of his second Section 2254 petition as an unauthorized second or successive petition is meritless. There was no error in law or fact with that dismissal, and Darrington has not established "extraordinary circumstances" necessary to vacate that order. When Darrington began the instant habeas proceedings in 2021, he did not file a Rule 60(b) motion, did not label his filing as anything other than a habeas petition under 28 U.S.C. § 2254, and did not cite any case law within the petition that would indicate he was seeking to reopen his initial habeas case. Rather, he unambiguously filed a "petition under 28 U.S.C. § 2254 for a writ of habeas corpus" on a form Section 2254 petition, (*see generally* Doc. 1), and the Court appropriately treated it as such. That petition was, and remains, an unauthorized second or successive petition under 28 U.S.C. § 2254.

Furthermore, Darrington did not seek a certificate of appealability from the Third Circuit following this Court's dismissal of his second habeas petition. Consequently, Darrington's motion for Rule 60(b)(6) relief from this Court's September 30, 2021 dismissal order must be denied.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court will deny Darrington's motion (Doc. 13) for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). A certificate of appealability shall not issue, as Darrington has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether

this Court's procedural ruling is correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate Order shall issue.

*[signature]*
Robert D. Mariani
United States District Judge

Dated: August 24, 2023